Mark T. Young (CA Bar No. 89951)
**DONAHOE & YOUNG LLP**
25152 Springfield Court, Suite 345
Valencia, California 91355-1096
Telephone: (661) 259-9000
Facsimile: (661) 554-7088
Email: myoung@donahoeyoung.com
Email: price@donahoeyoung.com

Michael C. McKay (AZ Bar No. 023354)
**SCHNEIDER WALLACE**
**COTTRELL BRAYTON KONECKY LLP**
7702 E. Doubletree Ranch Road – Suite 300
Scottsdale, Arizona 85258
Telephone: (480) 607-4367
Facsimile: (480) 607-4366
Email: mmckay@schneiderwallace.com

Attorneys for Theodore Kohan;
Arizona Tempe Town Lake, LLC
and Business to Business Markets, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br><br>NAMWEST, LLC, *et al.*,<br><br>Debtors. | Chapter 11 Proceedings<br><br>Jointly Administered Under<br>Case No. 2:08-bk-13935-CGC |
| This filing applies to:<br><br>☐ ALL DEBTORS<br>☒ SPECIFIC DEBTORS<br><br>Namwest, LLC<br>Namwest Town Lakes II, LLC | **MOTION TO REOPEN THE RECORD FOR ADDITIONAL EVIDENCE IN OPPOSITION TO "MOTION FOR ENTRY OF AN ORDER: UNDER BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT WITH ROYA BOUCHERIAN, ETC."**<br><br>Hearing Date: December 10, 2009 (passed)<br>Hearing Time: 11:00 a.m.<br>Hearing Location: Courtroom 601 |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

The Kohan Parties hereby move to reopen the record for additional evidence in opposition to the "Motion for Entry of an Order Under Bankruptcy Rule 9019 Approving Settlement Agreement with Roya Boucherian, etc." (the "9019 Motion"). This Motion is necessitated because the Debtors and other affiliated parties were filing documents in support of the 9019 Motion at the eleventh hour – including on the morning of the hearing (*see e.g.* Namco's Position Statement, Docket 424) – purporting to provide the evidence that was utterly absent from the original 9019 Motion.

This Motion is made as a hybrid motion incorporating features of traditional motions under Fed .R. Civ. P. Rules 59 and 60, which are applicable herein pursuant to Fed. R. Bank. P. Rules 9023 and 9024. *See, In re Orfa Corp. of America (Del.)*, 115 B.R. 799 (Bankr. E.D. Pa. 1990). As noted in *Caracci v. Brother Int'l. Sewing Machine Corp. of Louisiana*, 222 F. Supp 769, 771 (E.D. La. 1963), "The trial court may properly look with more favor upon a motion to reopen made after submission, but before any indication by its [sic] as to its decision [citation omitted], than when the motion comes after a decision has been rendered although findings of fact and conclusions of law have not been formally made and judgment entered." *Id.*

As the Court noted during the hearing, a number of "big ifs" remain in connection with the facts of this case. Debtors' byzantine business structure coupled with its consistently changing view of who owns what, led the Court to note that understanding the facts, as presented by Debtors, is like trying to make sense of "alphabet soup."[1]

---

[1] The Kohan Parties have requested a transcript of the hearing and specific citations to the transcript will be provided after the transcript is obtained.

2

Debtors have simply failed to meet their burden of proof to establish that the proposed settlement with Boucherian is fair and reasonable; indeed, with the original 9019 Motion, absolutely no evidence of any kind was offered to show the proposed settlement is fair and reasonable. Nothing. For that reason, the 9019 Motion should be denied or alternatively continued for a further evidentiary hearing. However, if the Court is possibly inclined to grant the 9019 Motion based even in part on the last-minute submissions (to which the Kohan Parties had no effective means to respond), the Kohan Parties respectfully request the Court to consider the following three briefly-stated points, and allow the introduction of the evidence supplied herewith.

1. Debtors failed to show that $500,000 is a fair price to sell all of Namwest Town Lakes II's ("NTL 2") assets. Approximately a year ago, NTL 2 received a letter of intent to purchase the properties for $39,000,000. The letter is attached as Exhibit 1.[2] Debtors kept this evidence out of the record. Debtors' explanation is that the real estate market declined during the last year; no evidence was offered on that point. But no evidence could conceivably show a decline in value of over 98%, from $39 million to $500,000. Debtors failed to provide any evidence of any offers on the properties, aside from a self-serving and conclusory affidavit from Michael McBride. This is really no evidence at all. Debtors have failed to produce any documents showing what offers have been made on the properties, or what efforts (if any) have been undertaken to sell the

---

[2] This document was produced to the Kohan Parties from Colliers International in response to a subpoena duces tecum. (*See* Notice of Subpoena to Colliers International, Docket 68). The Kohan Parties have repeatedly requested the Debtors to produce this and similar documents by they have systematically failed and or refused to do so.

3

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

properties at fair market value. The difference between the known $39,000,000 offer and Debtors' proposal to sell it to Boucherian for $500,000 is staggering.[3]

    2. Debtors failed to show what assets it is selling to Boucherian. There is no evidence in the record relating to the complete list of NTL 2's assets. The Kohan Parties raised this issue at the hearing because the Wilde property, which is undisputedly owned by NTL 2, was purchased as part of an assemblage that included other parcels of real property, including a five-acre parcel in Laveen, and a one-acre parcel in Scottsdale. These properties are worth millions. And The Kohan Parties claim a 27% interest in them too. To be sure, these properties are identified and included in the Kohan Parties' answer and counterclaims in the adversary proceeding (*see* Answer and Counterclaims, page 8, ¶¶13-14, Docket 20).

When the question was raised at the hearing as to what assets NTL 2 actually owns, Debtors' lawyer initially responded with an "uhhh ... I'm not sure." This answer makes some sense because there is no evidence in the record that clearly establishes what NTL 2 owns, and by extension what it is selling to Boucherian. Evidence should be had on this

---

[3] The sale is even more staggering when the fact that Boucherian agreed to give Debtors a $450,000 DIP loan to cover administrative and entitlement expenses, but will no longer do so if the settlement is approved. In other words, Debtors are selling Boucherian all of NTL2 for only $50,000 more than the agreed upon loan amount. And, of course, this $50,000 go to pay Debtors administrative expenses (the lawyers), and will not benefit of any unsecured creditors.

4

point before the settlement is approved.[4]

3. Debtors incorrectly stated that there is not one document evidencing the existence of an option, or the ability of the Namwest Town Lakes I ("NTL 1") and NTL 2 properties to be combined. There are many, many documents on this front. By way of example, attached as Exhibit 2 are documents created by Debtors' attorney David Shein. Shein's email, dated May 29, 2006 refers to the "Kohan entity's 27% interest"[5] and includes as attachments a draft of the master lease and a draft of an operating agreement for NTL 2, which also shows that Kohan was one of two managers of NTL 2 (*see* NTL 2 Operating Agreement, page 2, ¶3.1).

In conclusion, the Kohan Parties respectfully request the Court to deny Debtors' 9019 Motion. There are simply too many "big ifs' and the factual record is an "alphabet soup."

---

[4] Debtors' biggest argument in support of this proposed settlement stems from its gaffe associated with the Beshmada settlement. Debtors have conceded that the Beshmada settlement is a bad settlement. It gives Boucherian potentially $9.5 million in liens on the properties that Boucherian shouldn't be entitled to enforce. The Beshmada settlement was also pushed through without a proper evidentiary hearing. The Kohan Parties urges the Court not make the same mistake here. This is also a bad settlement. A proper evidentiary hearing should be had before it is approved.

[5] During the hearing the Court also asked if Kohan had documents evidencing his 27% interest. This document also speaks to that question, as do countless others that have been produced in this case, and as do the deposition testimony of Debtors' current and former officers – the evidence is overwhelming; Kohan will easily be able to prove his 27% interest in NTL 1 and NTL 2.

5

Dated this 11th day of December 2009.

                        SCHNEIDER WALLACE
                        COTTRELL BRAYTON KONECKY LLP

By:  /s/ Michael C. McKay
      Michael C. McKay
      7702 E. Doubletree Ranch Road, Suite 300
      Scottsdale, Arizona 85258

Mark T. Young
Samuel W. Price
DONAHOE & YOUNG LLP
25152 Springfield Court, Suite 345
Valencia, California 91355-1096

I certify that on the 11th day of December, 2009,
I electronically filed the foregoing with the
Clerk of the District Court, with a copy sent by
Electronic notification to:

| | |
|---|---|
| Leslie A. Berkoff<br>Moritt Hock Hamroff & Horowitz LLP<br>400 Garden City Plaza, Suite 202<br>Garden City, NY 11530<br>lberkoff@moritthock.com<br>Representing Textron Financial Corporation | Kristen Rosenbeck<br>Mulcahy Law Firm, PC<br>3001 East Camelback Road Suite 130<br>Phoenix, Arizona 85016<br>krosenbeck@mulcahylaw.com<br>Representing Montecito Estates HOA |
| William Novotny<br>Paul S. Ruderman<br>Mariscal Weeks Mcintyre & Friedlander P.A.<br>2901 North Central Avenue, Suite 200<br>Phoenix, Arizona 85012-2705<br>william.novotny@mwmf.com<br>Representing Wang Electric, Inc. | Larry Lee Watson<br>U.S. Trustee's Office<br>230 North First Avenue, Suite 204<br>Phoenix, Arizona 85003-1706<br>larry.waton@usdoj.gov<br>connie.s.hoover@usdoj.gov<br>Representing U.S. Trustee |
| Jared G. Parker<br>Deconcini McDonald Yetwin & Lacy, P.C.<br>7310 North 16th Street, Suite 330<br>Phoenix, Arizona 85020<br>jparker@dmylphx.com | Maricopa County Treasurer<br>c/o Madeleine L. Wanslee<br>Gust Rosenfeld, PLC<br>201 E. Washington, Suite 800<br>Phoenix, Arizona 85004-2327 |

| | |
|---|---|
| dbryant@dmylphx.com<br>Representing Official Joint<br>Committee of Unsecured Creditors | mwanslee@gustlaw.com<br>rms@gustlaw.com<br>Representing Maricopa County Treasurer |
| Edward M. Zachary, Esq.<br>Robert L. Miller, Esq.<br>Bryan Cave LLP<br>Two North Central Avenue, Suite 2200<br>Phoenix, Arizona 85004-4406<br>kyle.hirsch@bryancave.com<br>edward.zachary@bryancave.com<br>ccbeckstead@bryancave.com<br>pxdocket@bryancave.com<br>rjmiller@bryancave.com<br>skmceleeney@bryancave.com<br>Representing M&I Marshall & Ilsley Bank | Christopher H. Bayley<br>Lori A. Lewis, Esq.<br>Snell & Wilmer, L.L.P.<br>One Arizona Center<br>400 East Van Buren<br>Phoenix, AZ 85004-0001<br>cbayley@swlaw.com<br>llewis@swlaw.com<br>jamaskovich@swlaw.com<br>docket@swlaw.com<br>Representing Roya Bouchehrian |
| Chad Philip Miesen<br>Carpenter, Hazlewood, Delgado & Wood PLC<br>1400 East Southern Avenue, Suite 400<br>Tempe, Arizona 85282<br>chad@carpenterhazelewood.com<br>debbie.young@carpenterhazle.com<br>james@carpenterhazlecom<br>Representing 101 Plaza North<br>Office Condominium Association | Steven M. Cox<br>Waterfall Economidis Caldwell<br>Hanshaw & Villamana, P.C.<br>5210 East Williams Circle, Suite 800<br>Tucson, Arizona 85711<br>amoore@wechv.com<br>crholinger@wechv.com<br>Representing GMAC |
| Edward Rubacha<br>Jennings Haug & Cunningham<br>2800 North Central Avenue, Suite 1800<br>Phoenix, Arizona 85004<br>er@jhc-law.com<br>Representing Danny White Painting, Inc. | Christina M. Harper<br>Office of the Attorney General<br>Tax Bankruptcy Collection Section<br>1275 West Washington Street<br>Phoenix, Arizona 85007<br>Christina.harper@azag.gov<br>Representing Arizona Department of Revenue |
| Arizona Department of Revenue<br>Bankruptcy & Litigation<br>1600 West Monroe, 7th Floor<br>Phoenix, Arizona 85007-2612 | Blair Korschun<br>Bankruptcy Servicer for Compass Bank<br>Ascension Capital Group, Inc.<br>P.O. Box 201347<br>Arlington, Texas 76006<br>ecfnotices@ascensioncapitalgroup.com |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

| | | |
|---|---|---|
| 1 | Lexon Insurance Company<br>256 Jackson Meadows Drive, Suite 201 | Scott Roberts Architectural Illustrator<br>361 South Rosewood Lane |
| 2 | Hermitage, Tennessee 37076 | Phoenix, Arizona 85054 |
| 3 | American Express Bank FSB | The Mahoney Group |
| 4 | c/o Becket and Lee LLP<br>P. O. Box 3001 | 20410 North 19th Avenue, Suite 170<br>Phoenix, Arizona 85027-1406 |
| 5 | Malvern, PA 19355-0701 | |
| 6 | Frederick Charles Thomas, Esq. | Samuel H. Becker |
| 7 | Smith & Craven, PLLC<br>P.O. Box 11888 | Blank Rome, LLP<br>One Logan Square |
| 8 | Glendale, Arizona 85318-1888 | 130 N. 18th Street |
| 9 | f.thomas@smithcraven.com<br>Representing J-Rock Drywall, Inc | Philadelphia, Pennsylvania 19103<br>(215) 832-5527 (fax) |
| 10 | | Becker@blankrome.com |
| 11 | | Representing the West Deptford Township |
| 12 | Lindsi M. Weber | James B. Ball |
| 13 | Gallagher & Kennedy, Pa<br>2575 East Camelback Road | Poli & Ball, P.L.C.<br>2999 North 44th Street, Suite 500 |
| 14 | Phoenix, Arizona 85016 | Phoenix, Arizona 85018 |
| 15 | lindsi.weber@gknet.com<br>dal@gknet.com | ball@poliball.com<br>garcia@poliball.com |
| 16 | maricella.nunez@gknet.com<br>Representing New Cardinals Stadium, | fern@ppoliball.com<br>Representing Compass Bank |
| 17 | LLC | |
| 18 | Todd M. Adkins | Evans O'Brien |
| 19 | tadkins@jsslaw.com<br>bstevens@jsslaw.com | SNELL & WILMER L.L.P.<br>One Arizona Center |
| 20 | dsharp@jsslaw.com | 400 E. Van Buren |
| 21 | mgoudrewa@jsslaw.com<br>Representing Counter-Defendant | Phoenix, AZ 85004-2202<br>eobrien@swlaw.com |
| 22 | Namwest, LLC | jrogalla@swlaw.com |
| 23 | | docket@swlaw.com<br>Representing Arizona Sports Foundation |
| 24 | | |
| 25 | Patrick A. Clisham<br>pac@engelmanberger.com | Hillary L. Barnes, Esq.<br>Vishnu R. Jonnalagadda, Esq. |
| 26 | cks@engelmanberger.com<br>kac@engelmanberger.com | Quarles & Brady LLP<br>Two North Central Avenue |
| 27 | Representing KS, LLC | Phoenix, AZ 85004-2391 |
| 28 | | |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

| | |
|---|---|
| | Hilary.barnes@quarles.com<br>Vishnu.jonnalagadda@quarles.com<br>Representing The Township of West Deptford |
| Howard C. Myers<br>Burch & Cracchiolo, P.A.<br>702 E. Osborn, Suite 200<br>P.O. Box 16882<br>Phoenix, AZ 85011<br>hmeyers@bcattorneys.com<br>bchesley@bcattorneys.com<br>Representing PDS/JSC-31, LLC | David M. Poitras, P.C.<br>Jeffer, Mangels, Butler & Marmaro LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>dpoitras@jmbm.com<br>Representing Chapter 11 Trustee for Creditor Namco Capital Group, Inc. |
| Christopher C. Simpson<br>Stinson Morrison Hecker LLP<br>1850 N. Central Avenue, Suite 2100<br>Phoenix, AZ 85004-4584<br>csimpson@stinson.com<br>Representing Bradley D. Sharp, Ch. 11 Trustee of the Bankruptcy Estate of the Namco Capital Group | Joel F. Newell<br>Carmichael & Powell, P.C.<br>7301 North 16th Street, Suite 103<br>Phoenix, AZ 85020<br>j.newell@cplawfirm.com<br>Representing Raystone Investments, Inc. |
| Kerry Hodges<br>khodges@jsslaw.com<br>sbermingham@jsslaw.com<br>Representing Debtor<br>Namwest, LLC | Todd A. Burgess<br>todd@burgess@gknet.com<br>Representing Defendant<br>Gramercy Investment Trust |
| Vishnu R. Jonnalagadda<br>srivera@nussbaumgillis.com<br>Representing Creditor<br>The Township of West Deptford | Kami M. Hoskins<br>hoskinsk@gtlaw.com<br>Representing Interest Party<br>Gramercy Investment Trust |
| Michael R. Walker<br>ecfdocket@swazlaw.com<br>mwalker@swazlaw.com<br>Representing Defendant<br>David Cutler | Monserrat Morales<br>mmorales@ppwkllp.com<br>Representing Interested Party<br>Ezri Namvar |

By: /s/ Erin Gallegos

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP