Carolyn J. Johnsen –011894
Todd M. Adkins – 025338
**JENNINGS, STROUSS & SALMON, P.L.C.**
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911
E-mail: cjjohnsen@jsslaw.com
tadkins@jsslaw.com

Attorneys for the Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NAMWEST, LLC, *et al.*<br><br>Debtors.<br><br>_____<br>This filing applies to:<br><br>**X** ALL DEBTORS<br>☐ SPECIFIC DEBTOR | Chapter 11 Proceedings<br><br>Case Nos. 2:08-bk-13935-CGC;<br>2:08-bk-13954-CGC; 2:08-bk-13939-CGC;<br>2:08-bk-14022-CGC; 2:08-bk-14024-CGC;<br>2:08-bk-14025-CGC; 2:08-bk-14027-CGC;<br>2:08-bk-14031-CGC; 2:08-bk-14033-CGC;<br>2:08-bk-13972-CGC; 2:08-bk-14564-CGC;<br><br>Jointly Administered Under<br>Case No. 2:08-bk-13935-CGC<br><br>**NOTICE OF FILING PROPOSED [DISPUTED] ORDER APPROVING SETTLEMENT WITH ROYA BOUCHERIAN**<br><br>[Relates to Dkt. # 393] |

**NOTICE IS HEREBY GIVEN** that the above-captioned Debtors have lodged a proposed (disputed) form of Order approving Debtors' *Motion for Entry of an Order: (I) Under Bankruptcy Rule 9019 Approving Settlement with Roya Boucherian; (II) Under 11 U.S.C. § 363 Approving the Sale of Namwest, LLC's Member Interest in Namwest-Town Lakes II, LLC; and (III) Dismissing Namwest-Town Lakes II, LLC's Bankruptcy Case* (the "Motion") [Dkt. # 393]. A copy of the proposed order is attached hereto as Exhibit A.

On February 3, 2010, the Court read into the record its Oral Findings of Fact and Conclusions of Law approving the relief sought in the Motion, as modified slightly by the

3432894v1(60193.1)

1 | Court. The Court directed the parties to circulate a proposed form of order approving the
2 | Motion prior to lodging. However, after good-faith efforts by all parties, the parties are still
3 | unable agree upon the form of order. Specifically, the parties cannot agree on the proper
4 | interpretation of certain comments made by the Court at the conclusion of the February 3,
5 | 2010 hearing. Accordingly, the Debtors and Roya Boucherian are filing a joint Motion to
6 | Clarify, in which the areas of disagreement between the parties are more fully explained.

Undersigned counsel represents to the Court that he has consulted with and informed Mr. Young, counsel for the Kohan Parties, regarding the lodging of the disputed form of order and the filing of the Motion to Clarify. In fact, a copy of the Motion to Clarify was provided to Mr. Young yesterday, February 9, 2010, during counsels' good-faith efforts to reach an agreed-upon form of order.

DATED: February 10, 2010.

JENNINGS, STROUSS & SALMON, P.L.C.

By */s/ Todd M. Adkins – 025338*
    Carolyn J. Johnsen
    Todd M. Adkins
    Attorneys for the Debtors

COPY of the foregoing e-mailed this 10th day of February, 2010, to:

Christopher H. Bayley
Lori A. Lewis
SNELL & WILMER L.L.P.
Attorneys for Roya Bouchehrian
cbayley@swlaw.com
llewis@swlaw.com

Jared Parker
DECONCINI MCDONALD YETWIN
& LACY, P.C.
Attorneys for the Official Joint Committee of Unsecured Creditors

2

3432894v1(60193.1)

Michael McKay
Schneider, Wallace, Cottrell, Brayton, Knoecky, LLP
Attorneys for Kohan Parties

David M. Poitras, P.C.
Jeffer, Mangels, Butler & Marmaro LLP
dpoitras@jmbm.com
Attorneys for Chapter 11 Trustee for Creditor Namco Capital Group, Inc.

Howard C. Myers
Burch & Cracchiolo, P.A.
Attorneys for PDS/JCS-31, LLC
hmeyers@bcattorneys.com

Christopher C. Simpson
Stinson Morrison Hecker LLP
Attorneys for Bradley D. Sharp, Ch. 11 Trustee of the Bankruptcy Estate of the Namco Capital Group
csimpson@stinson.com

Mark T. Young
Donahoe & Young LLP
Co-Counsel for Creditors Theodore Kohan, Arizona Tempe Town Lake, LLC and Business to Business Markets, Inc.

/s/ Todd M. Adkins



EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>NAMWEST, LLC, *et al.*<br><br>Debtors.<br><br>_____<br><br>This filing applies to:<br><br>    ☐  ALL DEBTORS<br>    X  SPECIFIC DEBTOR<br><br>**NAMWEST, LLC**<br>**NAMWEST-TOWN LAKES II, LLC** | Chapter 11 Proceedings<br><br>Case Nos. 2:08-bk-13935-CGC;<br>2:08-bk-13954-CGC; 2:08-bk-13939-CGC;<br>2:08-bk-14022-CGC; 2:08-bk-14024-CGC;<br>2:08-bk-14025-CGC; 2:08-bk-14027-CGC;<br>2:08-bk-14031-CGC; 2:08-bk-14033-CGC;<br>2:08-bk-13972-CGC; 2:08-bk-14564-CGC;<br><br>Jointly Administered Under<br>Case No. 2:08-bk-13935-CGC<br><br>**ORDER (I) UNDER BANKRUPTCY RULE 9019 APPROVING SETTLEMENT WITH ROYA BOUCHERIAN; (II) UNDER 11 U.S.C. § 363 APPROVING THE SALE OF NAMWEST, LLC'S MEMBER INTEREST IN NAMWEST-TOWN LAKES II, LLC; AND (III) DISMISSING NAMWEST-TOWN LAKES II, LLC'S BANKRUPTCY CASE** |

This matter came before the Court on the *Motion for an Order: (I) Under Bankruptcy Rule 9019 Approving Settlement with Roya Boucherian, (II) Under 11 U.S.C. § 363 Approving the Sale of Namwest, LLC's Member Interest in Namwest-Town Lakes, II, LLC and (III) Dismissing Namwest-Town Lakes II, LLC's Bankruptcy Case* ("**Motion**") filed by Namwest, LLC ("**Namwest**") and Namwest-Town Lakes II, LLC ("**NTL II**") (together, the "**Debtors**").[1] In the Motion, the Debtors request entry of an order under Federal Rule of Bankruptcy Procedure 9019 approving the

---

[1] Any capitalized term used but not defined in this Order retains the meaning given to it in the Motion.

3431762v1(60193.1)11171568

terms of a Settlement Agreement between the Debtors and Roya Boucherian ("**Boucherian**"), which is attached to the Motion as Exhibit A and, as part of that Settlement Agreement, (a) approving the sale of Namwest's 100% member interest in NTL II ("**Assets**") to Boucherian or her designee ("**Purchaser**") free and clear of all liens, claims, and interests of any kind pursuant to 11 U.S.C. § 363 and (b) dismissing the NTL II bankruptcy case.

Based on the Motion and the entire record before the Court, the Court finds and concludes as follows: (a) this Court has jurisdiction over these Chapter 11 proceedings under 28 U.S.C. §§ 157 and 1334; (b) these matters constitute core proceedings under 28 U.S.C. § 157(b)(2); (c) venue of all these Chapter 11 proceedings is proper in this district under 28 U.S.C. §§ 1408 and 1409; (d) notice of the Motion was appropriate and sufficient and no additional notice is necessary or required; (e) the Debtors have demonstrated sufficient basis and good cause for granting the relief requested in the Motion; (f) the Settlement Agreement is fair, equitable and in the best interests of creditors and the Debtors' estates, see, In re Woodson, 839 F.2d 610, (9th Cir. 1988); (g) the Settlement Agreement was negotiated in good faith, at arm's-length and is a reasonable exercise of the Debtors' business judgment; (h) an immediate sale of the Assets to Purchaser is in the best interests of the estates and their creditors; (i) Purchaser and the Debtors negotiated the sale of the Assets without collusion, in good faith, and at arms' length; (j) Purchaser is, therefore, entitled to the protections afforded under Bankruptcy Code § 363(m), (k) cause exists for the dismissal of the NTL II bankruptcy case, and (l) dismissal of the NTL II bankruptcy case is in the best interest of the creditors and the estate. Additional findings of fact and conclusions of law were read by the Court into the record on February 3, 2010, and are incorporated herein by reference.

Accordingly, IT IS ORDERED that:

1. The Motion is GRANTED in its entirety.

2. The form and content of the Settlement Agreement, as modified by the Supplement to the Settlement Agreement attached hereto as Exhibit A and by this Order, are approved.

2

3. Namwest and NTL II, as debtors in possession, on behalf of themselves and each of their respective estates waive any and all claims and defenses to the enforcement or validity of the $6,000,000 Deed of Trust and the $13,000,000 Deed of Trust and jointly and severally confirm and acknowledge that said Deeds of Trust are validly perfected and enforceable liens against the NTL II Property, and together secure an indebtedness in the principal amount of $9,500,000.00.

4. The sale of the Assets to Purchaser for $500,000 ("Purchase Price") is APPROVED.

5. The Effective Date, as used in the Settlement Agreement, shall be the date upon which this Order is no longer subject to the automatic stay of execution provided by Rule 6004(h) or to any order entered by a court of competent jurisdiction staying the execution of this Order.

6. Upon the Effective Date, Purchaser shall be the owner of the 100% membership interest of NTL II, and its sole manager.

7. Pursuant to the terms of the Motion and the Settlement Agreement, including paragraph 4 (B) of the Motion (pages 13 and 14), the sale of the Assets to Purchaser is free and clear of all liens, claims, and interests of any kind, including but not limited to any interest claimed by Theodore Kohan, Arizona Tempe Town Lake, L.L.C. and/or Business to Business Markets, Inc., (together, the "**Interests**") under Bankruptcy Code § 363(f). All Interests are released, terminated, and discharged as to the Assets and the Purchaser (and its successors and assigns). Any Interest, including but not limited to any interest claimed by Theodore Kohan, Arizona Tempe Town Lake, L.L.C. and/or Business to Business Markets, Inc., if valid, legal, and enforceable, attaches to the proceeds of the sale in the same priority the Interest had before the sale.

8. As a condition of the Settlement Agreement, and as part of the consideration for the Assets, within fourteen (14) days of the Effective Date, Purchaser shall be obligated to (i) pay any then outstanding real property taxes on real property then owned by NTL II and (ii) pay the following creditors the undisputed amount of the pre-petition debt owed by NTL II, only to the extent incurred by NTL II with respect to and for the benefit of NTL II. Any disputes regarding the

3

amount of these claims shall be settled in accordance with applicable nonbankruptcy law.

        a. Arizona Public Service

        b. City of Tempe – Water

        c. CMX Engineers

        d. Eagle View Surveillance

        e. First American Title

        f. Gammage & Burnham

        g. L.P. Rent a Fence

        h. Leo Daly Company

        i. Rio Salado Community Facilities

        j. Westar Environmental, LLC

        k. Williams Aviation Consultants, Inc.

Except for creditors identified in this paragraph 8, nothing contained in this Order shall obligate nor require Purchaser or Boucherian to pay any other creditor of Namwest or NTL II.

9. The consideration provided by Purchaser for the Assets is fair and reasonable. Neither the consideration nor the sale approved in this Order may be avoided under Bankruptcy Code § 363(n).

9. The Purchase Price shall be in full satisfaction of NTL II's obligation to pay any administrative claims in these consolidated bankruptcy cases, including but not limited to claims asserted by Jennings Strouss & Salmon, PLC as general bankruptcy counsel for NTL II, and Chester & Shein, PC as special counsel for NTL II, however nothing in this Order shall preclude administrative claimants from recovering, from any source other than NTL II, payment for services performed for or on behalf of NTL II.

10. The purchase of the Assets is undertaken by Purchaser in good faith, as that term is used in Bankruptcy Code §363(m). Accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the sale will not affect the validity of the sale of

4

the Assets to Boucherian, unless this Order is duly stayed pending such an appeal. Purchaser, as a purchaser in good faith of the Assets, is entitled to all protections afforded under Bankruptcy Code § 363(m).

11. Every federal, state, and local governmental agency or department is directed to accept any document or instrument necessary and appropriate to consummate the transactions contemplated by this Order.

12. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and any agreements or instruments executed in connection with this Order including, but not limited to, retaining jurisdiction to resolve any disputes arising under or related this Order and to interpret, implement, and enforce the provisions of this Order.

13. The Debtors and Boucherian are authorized and directed to consummate the Settlement Agreement and take whatever actions reasonably necessary to do so without further order of the Court.

14. The NTL II Bankruptcy Case no. 2:08-bk-14027-CGC shall be dismissed upon the Effective Date of the Settlement Agreement.

15. The NTL II Adversary Case no. 2:08-ap-00927-CGC and the NTL Adversary Case no. 2:08-ap-00860-CGC shall be dismissed with prejudice, and the TRO entered in the NTL II Adversary Case shall be dissolved, on the Effective Date of the Settlement Agreement, each of the parties to bear their own fees and costs, except that the Court shall retain jurisdiction over counterclaims brought by the defendants in the NTL Adversary Case, and these counterclaims shall not be dismissed, for at least thirty (30) days after the Effective Date, subject to further retention of jurisdiction if so ordered by the Court. Pursuant to paragraph D of the Settlement Agreement, the Debtors shall abandon any interest, right or claim in the Club Rio Option and the NTL Property upon the Effective Date.

16. Any comments made by the Court during the February 3, 2010 hearing to the effect that (1) Kohan has the right to challenge the Boucherian debt in another court after this Order is entered, and/or (2) Kohan may continue to enforce his claimed 27% interest directly against NTL II and/or Boucherian, rather than the sales proceeds, after this Order is entered, are to be disregarded and are not to be relied upon as part of the Court's findings of fact and conclusions of law.

DATED AND SIGNED ABOVE.

3431762v1(60193.1)11171568

**EXHIBIT A**

# SUPPLEMENT TO SETTLEMENT AGREEMENT

This Supplement to Settlement Agreement ("**Agreement**") is entered into February __, 2010, by and among: (i) Namwest, LLC, a Delaware limited liability company ("**Namwest**"); (ii) Namwest-Town Lakes II, LLC, an Arizona limited liability company ("**NTL II**"); and (iii) Roya Boucherian ("**Boucherian**"). Namwest and NTL II are referred to together as the "**Debtors**."

# RECITALS

WHEREAS, the Debtors and Boucherian are parties to a Settlement Agreement dated November 13, 2009 (the "**Settlement Agreement**");

WHEREAS, after an evidentiary hearing on the Debtors' "Motion for Entry of an Order (i) Under Bankruptcy Rule 9019 Approving Settlement with Roya Boucherian; (ii) Under 11 U.S.C. §363 Approving the Sale of Namwest, LLC's Member Interest in Namwest-Town Lakes II, LLC; and (ii) Dismissing Namwest-Town Lakes II, LLC's Bankruptcy Case" (the "**Motion**") held on January 28, 2010, the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**"), under Case no. 2:08-bk-13935-CGC indicated that it would enter an order approving the Motion (the "**Order**"), provided that the Debtors and Boucherian execute a supplement to the Settlement Agreement to provide for the payment of certain creditors of NTL II;

WHEREAS, it is the intent of the Debtors and Boucherian to modify and supplement the Settlement Agreement as hereinafter set forth;

NOW THEREFORE, to carry out the intent of the parties hereto, the Settlement Agreement is hereby modified and supplemented as follows:

a. The Effective Date, as used in the Settlement Agreement, shall be the date upon which the Order is no longer stayed by Rule 6004(h) or by any order entered by a court of competent jurisdiction.

b. As a condition of the Settlement Agreement, and as part of the purchase price for the 100% membership interest of Namwest in NTL II, within fourteen (14) days of the Effective Date Boucherian or her designee shall be obligated to (i) pay any then outstanding real property taxes on real property then owned by NTL II and (ii) pay the following creditors the undisputed amount of the pre-petition debt owed by NTL II with respect to the NTL II Property only, not to exceed the amount set forth by NTL II in Schedule F of its bankruptcy Schedules and Statements:

    a. Arizona Public Service

    b. City of Tempe – Water

    c. CMX Engineers

    d. Eagle View Surveillance

e. First American Title

f. Gammage & Burnham

g. L.P. Rent a Fence

h. Leo Daly Company

i. Rio Salado Community Facilities

j. Westar Environmental, LLC

k. Williams Aviation Consultants, Inc.

In all other respects the Settlement Agreement shall remain unchanged except as modified or supplemented hereby or by the Order. Except for creditors identified in paragraph (b) above, nothing contained herein shall obligate nor require Purchaser or Boucherian to pay any other creditor of Namwest or NTL II.

IN WITNESS WHEREOF, the undersigned have set their hands, and the undersigned representatives of the entities involved hereby certify that they have full power to sign and bind their respective entities.

DATED February 8, 2010.

NAMWEST LLC, a Delaware limited liability company

By: _____
SWB Enterprises, LLC
Its: Manager

NAMWEST-TOWN LAKES II, LLC, an Arizona limited liability company

By: _____
Michael B. McBride
Its: Manager

_____
Roya Boucherian

By: _____
David N. Norouzi
Her: _____

e. First American Title

f. Gammage & Burnham

g. L.P. Rent a Fence

h. Leo Daly Company

i. Rio Salado Community Facilities

j. Westar Environmental, LLC

k. Williams Aviation Consultants, Inc.

In all other respects the Settlement Agreement shall remain unchanged except as modified or supplemented hereby or by the Order. Except for creditors identified in paragraph (b) above, nothing contained herein shall obligate nor require Purchaser or Boucherian to pay any other creditor of Namwest or NTL II.

IN WITNESS WHEREOF, the undersigned have set their hands, and the undersigned representatives of the entities involved hereby certify that they have full power to sign and bind their respective entities.

DATED February 5, 2010.

**NAMWEST LLC, a Delaware limited liability company**

By: _____
    SWB Enterprises, LLC
Its: Manager

**NAMWEST-TOWN LAKES II, LLC, an Arizona limited liability company**

By: _____
    Michael B. McBride
Its: Manager

Roya Boucherian
By: _____
    David N. Norouzi
Her: *Attorney in fact*