# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:

NAMWEST, LLC, *et al.*

Debtors.

This filing applies to:

**X** ALL DEBTORS
☐ SPECIFIC DEBTOR

Chapter 11 Proceedings

Case Nos. 2:08-bk-13935-CGC;
2:08-bk-13954-CGC; 2:08-bk-13939-CGC;
2:08-bk-14022-CGC; 2:08-bk-14024-CGC;
2:08-bk-14025-CGC; 2:08-bk-14027-CGC;
2:08-bk-14031-CGC; 2:08-bk-14033-CGC;
2:08-bk-13972-CGC; 2:08-bk-14564-CGC;

Jointly Administered Under
Case No. 2:08-bk-13935-CGC

**RESPONSE TO OBJECTION TO FORM OF PROPOSED ORDER**

[Relates to Dkt # 461, 463]

Hearing Date:
Hearing Time:

This "*Response to Objection to Form of Proposed Order*" (the "Response") is filed jointly by Namwest, LLC and its related debtor entities in these jointly-administered cases (the "Debtors") and Roya Boucherian ("Boucherian" and collectively, with the Debtors, "Movants") in connection with the Debtors' *Motion for Entry of an Order: (I) Under Bankruptcy Rule 9019 Approving Settlement with Roya Boucherian; (II) Under 11 U.S.C. § 363 Approving the Sale of Namwest, LLC's Member Interest in Namwest-Town Lakes II, LLC; and (III) Dismissing Namwest-Town Lakes II, LLC's Bankruptcy Case* (the "Settlement Motion") [Dkt. # 393]. After a hearing held on the Settlement

11207103

Motion on January 28, 2010, and the Court's recitation of its Oral Findings of Fact and Conclusions of Law read into the record on February 3, 2010 (the "Oral Findings"), Movants filed a "*Joint Motion for Clarification*" (the "Motion for Clarification") along with a Proposed Form of Order ("Movants' Form of Order"). The Kohan Parties have filed an "*Objection to Form of Proposed 'Order (I) Under Bankruptcy Rule 9019 Approving Settlement With Roya Boucherian, Etc.,'; Declaration of Mark T. Young in Support Thereof*" (the "Objection") with an alternative Proposed Form of Order ("Kohan Form of Order"). Movants request that the Court consider this Response to the Kohan Parties' Objection, and enter the Movants' Form of Order.

Two points raised in the Objection require a response. First, the Kohan Form of Order includes identical language to that in the proposed "Findings of Fact and Conclusions of Law and Order" filed with regard to the Boucherian Settlement Agreement in the Namco Capital Group, Inc. Chapter 11 case, despite the fact that the Namco Court was considering and approving a settlement agreement that involved <u>*different loans*</u> than the ones at issue in this case. Second, the Objection filed by the Kohan Parties ignores the fact that the Motion requested not only an order approving the sale of the NTL II member interest to Boucherian pursuant to 11 U.S.C. § 363, but also an order approving the Settlement Agreement between Boucherian and the Debtors pursuant to Bankruptcy Rule 9019.

1. **<u>Improper to Use Identical Language to Namco Court Order</u>**

As this Court is aware there are two sets of loans at issue in the Namwest and Namco bankruptcy cases: (i) the loan transaction between Boucherian and Namco in the aggregate amount of $16,500,000 ("Boucherian Loan"), of which $9,500,000 is secured by the NTL and NTL II Properties; and (ii)

2

the loan transactions between Namco and the Debtors ("Collaterally Assigned Loans").

Kohan correctly states that the Namco Settlement and its approval by the Namco Court (Hon. Judge Russell) did not have any impact on the validity of the Collaterally Assigned Loans. Movants concur that Judge Russell's ruling did not validate the Collaterally Assigned Loans.

However, Kohan errs when he argues that the Kohan Form of Order should contain identical language to the order to be entered by the Namco Court. Specifically, the Kohan Form of Order contains the following proposed paragraph 17:

> Notwithstanding anything in the Motion or the Boucherian Agreement to the contrary, nothing in this order shall validate any of the Collaterally Assigned Loans, Collaterally Assigned Noted, and Collaterally Assigned Deeds of Trust, and any rights of any non-party to the Boucherian Agreement (including without limitation the Kohan Parties) in connection therewith, if any, are not affected by this Order.

The Kohan parties erroneously argue that because the Namco Court in approving the settlement agreement between Boucherian and Namco stated that its order did not have an impact on the validity of the Collaterally Assigned Loans, this court should adopt the same conclusion. While it makes perfect sense for the court approving an agreement regarding the validity of the ***Boucherian Loans*** to rule that its order does not affect the Collaterally Assigned Loans, as the Namco Court did, it makes no sense for this Court, in approving an agreement regarding the validity of the Collaterally Assigned Loans, to rule that its order does not affect the Collaterally Assigned Loans, as the Kohan Form of Order does.

3

2. **Motion Requested Approval For a Sale Pursuant to Section 363 and a Settlement Agreement Pursuant to Rule 9019.**

The Kohan Parties claim in their Objection that an order approving the sale of the membership interest in NTL II to Boucherian shouldn't also include language resolving the validity of the Collaterally Assigned Loans, now held by Boucherian. Movants agree that if the Motion merely requested approval of the 363 sale, such language would be improper. However, the Motion also (and chiefly) requested approval of a Settlement Agreement, pursuant to Rule 9019, between the Debtors and Boucherian that fully and finally resolved litigation initiated by the Debtors contesting the validity of the Collaterally Assigned Loans (the "Boucherian Adversary"). As argued in detail in the Motion for Clarification, the approval of the Settlement Agreement should act as res judicata in any action brought in another court raising the same issues resolved by the Settlement Agreement.

Despite all evidence to the contrary, the Kohan Parties continue to argue that "litigation to resolve the disputed Boucherian liens is pending (although the Motion seeks its dismissal), and could be resolved within sixty days, at no expense to the Debtors' estate." (Objection p. 5). Yes, the Boucherian Adversary regarding the Collaterally Assigned Loans is pending, but it is the subject of the Beshmada Agreement and the Settlement Agreement approved by the Court, and both the Movants' Form of Order and the Kohan Form of Order provide that the Boucherian Adversary will be dismissed with prejudice. Thus, no litigation regarding the Collaterally Assigned Loans will remain pending after the entry of the Court's order. Kohan is possibly referring to other litigation between the Debtors, Namwest Town Lakes, LLC, and the Kohan Parties (Adversary Proceeding 08-00860) regarding the Club Rio Option (the "Club Rio Adversary").

4

11207103

However, Boucherian is not a party to the Club Rio Adversary, and the validity of the Collaterally Assigned Loans is not at issue in the Club Rio Adversary[1].

The Objection underscores the need for clarification of the Court's Oral Findings. Boucherian has given valuable consideration for both the settlement of the Boucherian Adversary and the purchase of the NTL II membership interest, free and clear of all liens, including Kohan's disputed 27% membership interest claim. Prior to entering into the Settlement Agreement, Boucherian was obligated only to make a $450,000 DIP loan to the Debtors in order to have the validity of the Collaterally Assigned Loans recognized. Boucherian would have no other obligations and assume no debt of NTL II. Under the Settlement Agreement, Boucherian pays the Debtors $500,000, and assumes the obligation to fund all entitlements on the NTL II property and pay property taxes and certain of NTL II's unsecured debt, in exchange for recognition of the validity of the Collaterally Assigned Loans and the NTL II membership interest. Each of these components, recognition of the validity of the Collaterally Assigned Loans, and purchase of the NTL II membership interest ***free and clear of liens, claims and interests, including Kohan's claimed 27% interest***, was critical in Boucherian's decision to enter into the Settlement Agreement with the Debtors. Each of these elements is specifically addressed in the Settlement Agreement, the Motion, and the Movants' Form of Order. Therefore, Movants respectfully request that the Court enter the Movants' Form of Order lodged with the Court on February 10, 2010.

DATED: February 17, 2010.

---

[1] Kohan has repeatedly argued, both to this Court and to the Namco Court, that the Club Rio Adversary directly addresses the validity of the Collaterally Assigned Loans. Even a cursory review of the pleadings reveals this is not the case, yet Boucherian has been forced to respond to this argument several times over.

5

11207103

**JENNINGS, STROUSS & SALMON, P.L.C.**

By */s/ Carolyn J. Johnsen –011894*
Carolyn J. Johnsen
Jimmie W. Pursell, Jr.
Todd M. Adkins
Attorneys for the Debtors

**SNELL & WILMER, L.L.P.**

By */s/ Lori A. Lewis - 019285*
Lori A. Lewis
Attorneys for Roya Boucherian

| | | |
|---|---|---|
| 1 | COPY of the foregoing e-mailed this<br>17th day of February, 2010, to: | |
| 2 | Mark T. Young | myoung@donahoeyoung.com |
| 3 | DONAHOE & YOUNG LLP<br>25152 Springfield Ct., Ste. 345<br>Valencia, CA 91355-1096 | |
| 4 | AND | |
| 5 | Michael C. McKay<br>SCHEIDER WALLACE COTRELL | mmckay@scheiderwallace.com |
| 6 | BRAYTON KONECKY LLP<br>7702 E. Doubletree Ranch Rd., Ste. 300<br>Scottsdale, AZ 85259 | |
| 7 | Attorneys for Objecting Creditors<br>ARIZONA TEMPE TOWN LAKE, LLC, and | |
| 8 | BUSINESS TO BUSINESS MARKETS, INC. | |
| 9 | THEODORE KOHAN | ted@b2bmarkets.com |
| 10 | 1333 S. Beverly Glen Blvd., Ste. 706<br>Los Angeles, CA 90024<br>Objecting Creditor in Propria Persona | |
| 11 | | |
| 12 | Jared G. Parker<br>DECONCICI McDONALD YETWIN & LACY, P.C. | jparker@dmylphx.com |
| 13 | 7310 N. 16th St., Ste. 330<br>Phoenix, AZ 85020 | |
| 14 | Attorneys for the Official Joint<br>Committee of Unsecured Creditors | |
| 15 | David M. Poitras, P.C. | dpoitras@jmbm.com |
| 16 | JEFFER, MANGELS, BUTLER<br>& MARMARO LLP | |
| 17 | 1900 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067 | |
| 18 | Attorneys for Chapter 11 Trustee for<br>Creditor Namco Capital Group, Inc. | |
| 19 | Howard C. Myers | hmeyers@bcattorneys.com |
| 20 | BURCH & CRACCHIOLO, P.A.<br>PO Box 16882<br>Phoenix, AZ 85011 | |
| 21 | Attorneys for PDS/JSC-31, LLC | |
| 22 | Christopher C. Simpson | csimpson@stinson.com |
| 23 | STINSON MORRISON HECKER LLP<br>1850 N. Central Ave., Ste. 2100<br>Phoenix, AZ 85004-4584 | |
| 24 | Attorneys for Bradley D. Sharp, Ch. 11 Trustee | |
| 25 | of the Bankruptcy Estate of the Namco Capital Group | |
| 26 | . . . | |

7

11207103

Richard Cuellar  ric.j.cuellar@usdoj.gov
Office of the United States Trustee
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706

/s/ Mary J. Minnick

8

11207103