Carolyn J. Johnsen –011894
Todd M. Adkins – 025338
**JENNINGS, STROUSS & SALMON, P.L.C.**
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911
E-mail:   cjjohnsen@jsslaw.com
          tadkins@jsslaw.com

Attorneys for the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>NAMWEST, LLC, *et al.*<br><br>Debtors.<br>_____<br>This filing applies to:<br><br>**X**   ALL DEBTORS<br>☐   SPECIFIC DEBTOR | Chapter 11 Proceedings<br><br>Case Nos. 2:08-bk-13935-CGC;<br>2:08-bk-13954-CGC; 2:08-bk-13939-CGC;<br>2:08-bk-14022-CGC; 2:08-bk-14024-CGC;<br>2:08-bk-14025-CGC; 2:08-bk-14027-CGC;<br>2:08-bk-14031-CGC; 2:08-bk-14033-CGC;<br>2:08-bk-13972-CGC; 2:08-bk-14564-CGC;<br><br>Jointly Administered Under<br>Case No. 2:08-bk-13935-CGC<br><br>**NOTICE REGARDING ENTERED ORDER BY CALIFORNIA BANKRUPTCY COURT APPROVING SETTLEMENT BETWEEN NAMCO AND BOUCHERIAN** |

**NOTICE IS HEREBY GIVEN** that the California Bankruptcy Court has entered its Findings of Fact and Conclusions of Law approving the settlement between Namco and Boucherian, a copy of which is attached hereto as <u>Exhibit A</u>.

DATED: February 23, 2010.

            JENNINGS, STROUSS & SALMON, P.L.C.

            By */s/ Todd M. Adkins – 025338*
              Carolyn J. Johnsen
              Todd M. Adkins
              Attorneys for the Debtors

COPY of the foregoing e-mailed this 23rd day of February, 2010, to:

Christopher H. Bayley
Lori A. Lewis
SNELL & WILMER L.L.P.
Attorneys for Roya Bouchehrian
cbayley@swlaw.com
llewis@swlaw.com

Jared Parker
DECONCINI MCDONALD YETWIN
& LACY, P.C.
Attorneys for the Official Joint Committee of Unsecured Creditors

Michael McKay
Schneider, Wallace, Cottrell, Brayton, Knoecky, LLP
Attorneys for Kohan Parties

David M. Poitras, P.C.
Jeffer, Mangels, Butler & Marmaro LLP
dpoitras@jmbm.com
Attorneys for Chapter 11 Trustee for Creditor Namco Capital Group, Inc.

Howard C. Myers
Burch & Cracchiolo, P.A.
Attorneys for PDS/JCS-31, LLC
hmeyers@bcattorneys.com

Christopher C. Simpson
Stinson Morrison Hecker LLP
Attorneys for Bradley D. Sharp, Ch. 11 Trustee of the Bankruptcy Estate of the Namco Capital Group
csimpson@stinson.com

Mark T. Young
Donahoe & Young LLP
Co-Counsel for Creditors Theodore Kohan, Arizona Tempe Town Lake, LLC and Business to Business Markets, Inc.

/s/ Mary Ann Goudreau



**EXHIBIT A**

DAVID M. POITRAS P.C. (Bar No. 141309)
THOMAS M. GEHER (Bar No. 130588)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567
Email:    dpoitras@jmbm.com

Counsel for Bradley D. Sharp, Chapter 11 Trustee
for Namco Capital Group, Inc.

FILED & ENTERED

FEB 21 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY FORTIER DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br><br>    Debtor. | Case Number: 2:08-bk-32333 BR<br><br>Chapter 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Hearing:<br>Date:    November 24, 2009<br>Time:    10:00 a.m.<br>Judge:    Courtroom 1668<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

The *Motion of Bradley D. Sharp (the "Trustee"), Chapter 11 Trustee for the Estate of Namco Capital Group, Inc. ("Debtor" or "Namco") for an Order: (1) Approving that certain Agreement Regarding Conveyance of Collaterally Assigned Notes and Collaterally Assigned Deeds of Trust, Purchase and Sale of Real Property, Funding of New Loan, Modification and Affirmation of Existing Loans, Granting of Option to Purchase Real Property, and Settlement and Release of Certain Claims (the "Boucherian Agreement"); (2) Authorizing Transfer of Interests in Promissory Notes and Deeds of Trust Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to § 363 of the Bankruptcy Code; and (3) Approving and Authorizing a Compromise of Controversies with Roya Boucherian ("Boucherian" or "Lender") (the "Motion"), came on for*

1   hearing on November 24, 2009 at 10:00 a.m., before the undersigned United States Bankruptcy

2   Judge, in Courtroom 1668, located at 255 East Temple Street, Los Angeles, California; the Court

3   having reviewed the Motion, the declarations and documentary evidence filed in support of and in

4   opposition to the Motion, the objections and other responses to the Motion, and having considered

5   the statements of counsel with respect to the Motion at the hearing before this Court and after due

6   deliberation thereon and good and sufficient cause appearing therefore, the Court hereby makes the

7   following findings of fact and conclusions of law.[1]

## I.    FINDINGS OF FACT[2]

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the debtor's bankruptcy estate and is accordingly a core matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.    Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    On December 22, 2008, involuntary chapter 11 petitions were filed against Namco Capital Group, Inc., a California Corporation ("Namco"), and its sole shareholder Ezri Namvar ("Namvar"). On January 29, 2009, orders for relief were entered in both the Namco bankruptcy case and the Namvar bankruptcy case.

4.    On March 11, 2009, the Court entered an order approving the appointment of R. Todd Neilson as the chapter 11 trustee in the Namvar bankruptcy case.

5.    On May 8, 2009, the Court entered an order approving the appointment of Bradley D. Sharp as the chapter 11 trustee in the Namco bankruptcy case.

6.    On June 15, 2009, an involuntary petition was filed against Beshmada, LLC ("Beshmada"). The members of Beshmada are Namvar's four children.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2] Capitalized terms used herein and not specifically defined herein shall have the meanings ascribed to such terms in the Motion.

PRINTED ON
RECYCLED PAPER

6744322v1

- 2 -

JMBM Jeffer Mangels Butler & Marmaro LLP

1   7.      As of the date of this Motion, no order for relief has been entered against Beshmada
2   and the involuntary case is pending before this Court as case number 2:09-bk-22523-BR.

3   8.      As of the Petition Date, Namco was a California corporation, and Namvar was the
4   President, Chief Financial Officer, sole director and sole shareholder of Namco.

5   9.      Prior to the Petition Date, Namco had been in business for approximately 20 years.
6   Namco's business model was relatively simple and straightforward - Namco would borrow money
7   from individuals, most often members of the West Los Angeles Persian community, agree to pay
8   such Namco Lender a fixed rate of return, and Namco would then either lend those funds to third
9   parties, at interest rates typically six percent or more higher than the cost of capital payable to the
10  Namco Lender, or invest such funds in various real estate projects.

11  10.     Over the years Namco borrowed money from Roya Boucherian ("Boucherian") at
12  various times. As of the Petition Date, Namco's books and records reflect that Namco owed
13  Boucherian the principal amount of $16,500,035. Of the foregoing amount, $9,500,035 is secured
14  by the right of collection of the three secured promissory notes described below, and the balance is
15  secured by Namco's assignment to Boucherian of certain notes and deeds of trust ("Las Vegas
16  Collateral") regarding certain property owned by Namco 8, LLC, a California Limited Liability
17  Company ("Namco 8"), in Las Vegas, Nevada. Prior to the Petition Date, Boucherian completed a
18  public sale of the Las Vegas Collateral.

19  11.     Counsel for the Trustee has reviewed the underlying documents concerning the Las
20  Vegas Collateral and the public sale and based upon such review the Trustee does not believe that
21  any of the transactions associated with the Las Vegas Collateral or the public sale are avoidable.
22  Any claims in connection with the Las Vegas Collateral will be released under the Boucherian
23  Agreement.

24  12.     A chronology of the pertinent transactions between Namco, Beshmada, Namvar,
25  Namwest Town Lakes, LLC, an Arizona Limited Liability Company ("NTL"), Namwest Town
26  Lakes II, LLC, an Arizona Limited Liability Company ("NTL II"), Namwest, LLC, a Delaware
27  Limited Liability Company ("Namwest") and Boucherian and the documentation underlying such
28  transactions are set forth in the Motion. Substantially all of the referenced documents are part of the

PRINTED ON RECYCLED PAPER

6744322v1

- 3 -

1  record in connection with the Namco Lift Stay Motion filed by Boucherian with this Court on July

2  2009, Docket Nos. 410, 411, 434, and 448.

3    13. NTL made and executed in favor of Namco a promissory note ("<u>$2,780,000 Note</u>")

4  dated December 20, 2004, in the original principal amount of $2,780,000, to evidence a loan

5  ("<u>$2,780,000 Loan</u>") made by Namco to NTL on or about that date.  The sole member of NTL is

6  Woodman, LLC, a California Limited Liability Company ("<u>Woodman</u>").  The manager of

7  Woodman is Hooshang (Sean) Namvar.  The members of Woodman are the siblings and children of

8  Ezri Namvar.

9    14. The $2,780,000 Note is secured by a deed of trust ("<u>$2,780,000 Deed of Trust</u>")

10  dated December 20, 2004, executed by NTL, as trustor, in favor of Namco, as beneficiary, and

11  recorded on December 23, 2004, as Instrument No. 2004-1513725, in the Official Records of

12  Maricopa County, State of Arizona, against the property ("<u>NTL Property</u>") described therein.  The

13  NTL Property in undeveloped raw land in Tempe, Arizona.

14    15. Namco is alleged to have made and executed a collateral assignment of deed of trust

15  ("<u>Collateral Assignment of $2,780,000 Deed of Trust</u>") dated May 26, 2005, and recorded on June

16  16, 2005, as Instrument No. 2005-0823615, in the Official Records of Maricopa County, State of

17  Arizona, pursuant to which Namco allegedly collaterally assigned to Mouris Separzadeh and Diana

18  Melmet ("<u>S&M</u>"), as security for a promissory note ("<u>S&M Note</u>") alleged to have been executed

19  by Namco in favor of S&M.  The Trustee asserts that such assignment is unperfected and otherwise

20  avoidable under applicable law.

21    16. NTL II made and executed in favor of Namco a promissory note ("<u>$6,000,000

22  Note</u>") dated May 26, 2006, in the original principal amount of $6,000,000, to evidence a loan

23  ("<u>$6,000,000 Loan</u>") allegedly made by Namco to NTL II on or about that date.

24    17. The $6,000,000 Note is secured by a deed of trust ("<u>$6,000,000 Deed of Trust</u>")

25  dated May 26, 2006, executed by NTL II, as trustor, in favor of Namco, as beneficiary, and

26  recorded on May 26, 2006, as Instrument No. 2006-0717069, in the Official Records of Maricopa

27  County, State of Arizona, against the property ("<u>NTL II Property</u>") described therein.  The NTL II

28  Property is adjacent to the NTL Property and is also undeveloped raw land in Tempe, Arizona.

PRINTED ON
RECYCLED PAPER

18.    NTL II made and executed in favor of Namco an all inclusive promissory note ("$13,000,000 Note") dated September 20, 2007, in the original principal amount of $13,000,000, to evidence a loan ("$13,000,000 Loan") allegedly made by Namco to NTL II on or about that date, which indebtedness included the indebtedness evidenced by the $6,000,000 Note.

19.    The $13,000,000 Note is secured by an all inclusive deed of trust ("$13,000,000 Deed of Trust") dated September 20, 2007, executed by NTL II, as trustor, in favor of Namco, as beneficiary, and recorded on September 20, 2007, as Instrument No. 2007-1041685, in the Official Records of Maricopa County, State of Arizona, against the NTL II Property.

20.    NTL made and executed in favor of Namco an all-inclusive promissory note ("$27,000,000 Note") dated December 5, 2007, in the original principal amount of $27,000,000, to evidence a loan ("$27,000,000 Loan") allegedly made by Namco to NTL on or about that date, which alleged indebtedness is included in the alleged indebtedness evidenced by the $2,780,000 Note.

21.    The $27,000,000 Note is secured by an all-inclusive deed of trust ("$27,000,000 Deed of Trust") dated November 21, 2007, executed by NTL, as trustor, in favor of Namco, as beneficiary, and recorded on March 24, 2008, as Instrument No. 2008-0255778, in the Official Records of Maricopa County, State of Arizona, against the NTL Property.

22.    On or before December 5, 2007, according to Namco's books and records, Boucherian had made loans to Namco which loans aggregated to a principal indebtedness owing from Namco to Boucherian of $14,500,035 as of December 5, 2007. Namco made and executed in favor of Boucherian a promissory note ("Namco Note") dated December 5, 2007, in the original principal amount of $14,500,035, to evidence the principal indebtedness of the Namco Loan outstanding as of that date.

23.    The Namco Note and Namco Loan were guaranteed by Ezri Namvar and Eilel Namvar pursuant to a written guaranty agreement ("Namvar Guaranty") dated December 5, 2007.

24.    On or before July 21, 2008, according to Namco's books and records, Boucherian advanced an additional $2,000,000 to Namco (and/or to Namco 8 at the instruction of Namco), which increased the unpaid principal amount of the Namco Loan to $16,500,035.

PRINTED ON RECYCLED PAPER

25. $7,000,000 of the $16,500,035 of total principal indebtedness evidenced by the Namco Note is secured by the Las Vegas Collateral.

26. $9,500,035 of the $16,500,035 of total principal indebtedness evidenced by the Namco Note is secured by collateral assignments and pledges to and liens in favor of Boucherian of: (i) the $6,000,000 Loan, the $13,000,000 Loan and the $27,000,000 Loan (collectively, the "<u>Collaterally Assigned Loans</u>"); (ii) the $6,000,000 Note, the $13,000,000 Note and the $27,000,000 Note (collectively, the "<u>Collaterally Assigned Notes</u>"); and (iii) the $6,000,000 Deed of Trust and the $13,000,000 Deed of Trust recorded against the NTL II Property, and the $27,000,000 Deed of Trust recorded against the NTL Property (collectively, the "<u>Collaterally Assigned Deeds of Trust</u>"); including pursuant to the following:

    (a) An allonge ("<u>$6,000,000 Note Allonge</u>") dated November __ [sic], 2007, executed by Namco in favor of Boucherian, pursuant to which Namco endorsed and assigned to Boucherian, as security for the Namco Loan and Namco Note, all rights, titles, interests and claims of Namco in and with respect to the $6,000,000 Note;

    (b) A collateral assignment of deed of trust ("<u>Collateral Assignment of $6,000,000 Deed of Trust</u>") dated August 19, 2008, and recorded on August 25, 2008, as Instrument No. 2008-0739326, in the Official Records of Maricopa County, State of Arizona, pursuant to which Namco assigned to Boucherian, as security for the Namco Loan and Namco Note, all rights, titles, interests and claims of Namco in and with respect to the $6,000,000 Deed of Trust;

    (c) An allonge ("<u>$13,000,000 Note Allonge</u>") dated November __ [sic], 2007, executed by Namco in favor of Boucherian, pursuant to which Namco endorsed and assigned to Boucherian, as security for the Namco Loan and Namco Note, all rights, titles, interests and claims of Namco in and with respect to the $13,000,000 Note;

    (d) A collateral assignment of deed of trust ("<u>Collateral Assignment of $13,000,000</u>

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

6744322v1

- 6 -

Deed of Trust") dated November 21, 2007, and recorded on March 24, 2008, as Instrument No. 2008-0255780, in the Official Records of Maricopa County, State of Arizona, pursuant to which Namco assigned to Boucherian, as security for the Namco Loan and Namco Note, all rights, titles, interests and claims of Namco in and with respect to the $13,000,000 Deed of Trust;

(e) An allonge ("$27,000,000 Note Allonge") dated December __ [sic], 2007, executed by Namco in favor of Boucherian, pursuant to which Namco endorsed and assigned to Boucherian, as security for the Namco Loan and Namco Note, all rights, titles, interests and claims of Namco in and with respect to the $27,000,000 Note; and

(f) A collateral assignment of deed of trust ("Collateral Assignment of $27,000,000 Deed of Trust") dated December 12, 2007, and recorded on March 24, 2008, as Instrument No. 2008-0255779, in the Official Records of Maricopa County, State of Arizona, pursuant to which Namco assigned to Boucherian, as security for the Namco Loan and Namco Note, all rights, titles, claims and interests of Namco in and with respect to the $27,000,000 Deed of Trust.

27. Boucherian has possession of the original Collaterally Assigned Notes and the original allonges described above.

28. Since October 1, 2008, Namco has failed to make the interest payments required pursuant to the Namco Note, and as a result of that breach, Boucherian asserts that the Namco Loan is in default and she claims that she is entitled to receive interest at the default rate stated in the Namco Note.

29. The Namco Note provides, in part, that the Loan shall mature upon sixty (60) days written notice from Boucherian. On November 11, 2008, Boucherian gave written notice to Namco demanding payment in full of the Namco Loan, such that Boucherian asserts that the Namco Loan and Namco Note matured and became fully due and payable on January 10, 2009.

PRINTED ON
RECYCLED PAPER

6744322v1

30.     In response to Namco's October 1, 2008 alleged breach of the Namco Note, Boucherian commenced a public sale of various collateral pledged to secure the Namco Note, including the Las Vegas Collateral and the Collaterally Assigned Notes and the Collaterally Assigned Deeds of Trust.

31.     Namwest and NTL II filed voluntary chapter 11 petitions (the "Namwest Case" and the "NTL II Case") in the United States Bankruptcy Court for the District of Arizona ("Namwest Court" or "NTL II Court") on or about October 9, 2008. The Namwest Case and the NTL II Case are being jointly administered with approximately ten other bankruptcy cases under Case No. 2:08-bk-13935-CGC. Kohan has a pending state court action in Arizona and a counterclaim as part of an adversary proceeding in the Namwest Case (collectively "Kohan Actions"), claiming, among other things, that he should be recognized as a 27% member of NTL and NTL II based on certain alleged oral representations. NTL and NTL II deny Kohan's claim that Kohan should be recognized as a 27% member of NTL and NTL II. Namco is not named as a defendant to the Kohan Actions. Boucherian is not named as a defendant to the Kohan Actions. The Kohan Actions do not challenge the validity of the Collaterally Assigned Notes, the Collaterally Assigned Deeds of Trust, or the Collaterally Assigned Loans.

32.     On December 19, 2008 a hearing ("Injunction Hearing") was commenced before the NTL II Court regarding a request by Namwest and NTL II (collectively " Adversary Plaintiffs") for an injunction to enjoin the Public Sale of the Collaterally Assigned Notes and the Collaterally Assigned Deeds of Trust. The Injunction Hearing was not completed on that date, and the Injunction Hearing was scheduled to resume on January 9, 2009.

33.     On December 22, 2008, an involuntary chapter 11 bankruptcy petition was filed against Namco, thereby commencing the Namco case. On January 29, 2009, an order for relief under chapter 11 was entered in the Namco case. As a result of these events, the Injunction Hearing was rescheduled to be resumed at a future date, the trial of the adversary proceeding was continued until a future date, and the Public Sale of the Collaterally Assigned Loans, the Collaterally Assigned Notes and the Collaterally Assigned Deeds of Trust was never completed.

34.  Namwest and NTL II claim that Namco never funded the Collaterally Assigned Loans and Collaterally Assigned Notes. Boucherian asserts that she is a "holder in due course" of the Collaterally Assigned Notes.

35.  On or about July 14, 2009, Boucherian filed motions in the Namco case and the Namvar case seeking relief from the automatic stay in those cases to complete the Public Sale of the Collaterally Assigned Notes and Collaterally Assigned Deeds of Trust. The Namco Lift Stay Motion was originally scheduled to be heard on August 4, 2009, and was continued to November 24, 2009, pursuant to a stipulation by Namco and Boucherian. The Trustee has opposed the Namco Lift Stay Motion on various grounds.

36.  It appears to the Court that confirmation of the transfer and assignment of the Collaterally Assigned Notes and the Collaterally Assigned Deeds of Trust to Boucherian, and the ultimate sale and transfer of the NTL Property to Boucherian will benefit Namco, its Estate and all creditors because: (a) there are significant legal and factual impediments to Namco being able to ever enforce the Collaterally assigned Notes and Deeds of Trust in its own name; (b) the Trustee does not presently believe that the prepetition assignments of the Collaterally Assigned Notes and Collaterally Assigned Deeds of Trust are avoidable; (c) the Namco estate may receive $2,200,000 and as much as $6,550,000 under the Boucherian Agreement; (d) Namco, Namvar and Beshmada will be released from all claims asserted by Boucherian; and (e) the parties to the Boucherian Agreement will avoid costly litigation concerning the rights and duties under the Collaterally Assigned Notes and Collaterally Assigned Deeds of Trust and valuation issues concerning the NTL and NTL II Properties.

37.  The Trustee appears to have two options - litigate with Boucherian over the (i) Collaterally Assigned Notes and Collaterally Assigned Deeds of Trust, (ii) the indebtedness owed by Namco to Boucherian, (iii) the Public Sale of the Las Vegas Collateral, and (iv) the value of the NTL and NTL II Properties, or enter into and consummate the Boucherian Agreement, which agreement provides the estate with what appears to be a high likelihood of the estate receiving payment of $2,200,000, and a reasonable possibility of the estate receiving an additional $4,350,000, for a total of $6,550,000.

38. The Namco Trustee has exercised his reasonable business judgment, based in part upon the investigation and analysis undertaken by the Namco Trustee's professionals, and the Trustee reasonably believes that it is in the best interests of the Namco estate to enter into the Boucherian Agreement, versus the litigation alternatives discussed herein.

39. Neither the Boucherian Agreement nor the Motion validate any of the Collaterally Assigned Loans, Collaterally Assigned Notes and Collaterally Assigned Deeds of Trust and any rights of any non-party to the Boucherian Agreement in connection therewith, if any, are not affected by the Motion or the Order thereon.

40. Boucherian is not an insider or affiliate of Namco, Namvar, Beshmada, the Namco Trustee or the Namvar Trustee.

41. The negotiations between the Namco Trustee, the Namvar Trustee, Beshmada and Boucherian were at "arms length" and no collusion was involved.

42. Boucherian provided evidence of her financial ability to fully perform and consummate the terms of the Boucherian Agreement.

43. Kohan did not provide evidence of his ability to fully perform the terms of his offers to the Namco trustee.

44. The Boucherian Agreement maximizes value for the estates of Namvar and Namco.

45. Notice of the Motion and Moving pleadings and declarations are proper, accurate and reasonable. Kohan's request for a continuance in his Opposition, and his separate Ex Parte Motion for a continuance, are denied.

46. The sale to Boucherian and the Boucherian Agreement are in the best interests of the estate and its creditors.

47. There is a sound business justification for the sale.

48. The price and consideration for the sale under the agreement is adequate and fair.

49. The sale is proposed in good faith.

50. The sale may be authorized pursuant to Bankruptcy Code § 363(f)(2), § 363(f)(3), and § 363(f)(4).

51. Boucherian is a good faith purchaser under § 363(m).

PRINTED ON RECYCLED PAPER

6744322v1

- 10 -

52. The proposed compromise and the Boucherian Agreement are reasonable, fair and in the best interest of Namco, its estate and creditors.

53. The proposed compromise is reasonable given the probability of success in litigation, the complexity of litigation involved and the expense, inconvenience and delay relating to it, issues relating to collection and the interest of creditors.

## II. CONCLUSIONS OF LAW

1. The Trustee is authorized to execute and perform under the Boucherian Agreement.

2. The Boucherian Agreement is approved.

3. The transfer and assignment of the Collaterally Assigned Notes, the Collaterally Assigned Deeds of Trust, and the Collaterally Assigned Loans to Boucherian is approved and confirmed free and clear of all liens, claims, interests, and encumbrances pursuant to Bankruptcy Code § 363(f).

4. Boucherian is a good faith transferee entitled to all of the benefits under Bankruptcy Code § 363(m).

5. The fourteen day stay provided for in Bankruptcy Rule 6004(h) of the Federal Rules of Bankruptcy Procedures is waived.

6. The oppositions of Kohan, Arizona Tempe Town Lake, LLC, Business to Business Markets, Inc. and Paradigm Tax Group, LLC are overruled on the merits.

7. The evidentiary objections of Boucherian and the Trustee to the declarations of Theodore Kohan and Michael McKay are sustained.

8. The request of Kohan and his entities for a continuance is denied.

1   An order consistent with the foregoing will be entered forthwith.

2   # # #

DATED: February 21, 2010

_____
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-4308

The foregoing document described **FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On January 25, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**[SERVED BY OVERNIGHT MAIL]**
Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple St., Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 25, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 25, 2010 | Billie Terry | /s/ Billie Terry |
|---|---|---|
| *Date* | *Type Name* | |

6744322v1

- 13 -

**ADDITIONAL SERVICE INFORMATION (if needed):**

**III. SERVED BY EMAIL**

| | |
|---|---|
| Jeffrey I. Golden Esq.<br>Weiland, Golden, Smiley, Wang, Ekvall & Strok, LLP<br>Email: jgolden@wgllp.com | David Navid Norouzi<br>Email: david@norouzi.us |
| Mark T. Young<br>Donahoe & Young LLP<br>Email: myoung@donahoeyoung.com | Richard K. Diamond<br>Danning, Gill, Diamond & Kollitz, LLP<br>Email: rdiamond@dgdk.com |
| Theodore Kohan<br>Email ted@b2bmarkets.com | |

PRINTED ON
RECYCLED PAPER

6744322v1

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT AND CONCLUSIONS OF LAW** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 25, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

**BY EMAIL**

Mark T. Young
Donahoe & Young LLP
Email: myoung@donahoeyoung.com

Theodore Kohan
Email ted@b2bmarkets.com

☐ Service information continued on attached page

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON RECYCLED PAPER

## I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Simon Aron    saron@wrslawyers.com
- Raymond H Aver    ray@averlaw.com
- Robert D Bass    rbass@greenbass.com
- Christine E Baur    christine.e.baur@bakernet.com, tracey.l.angelopoulos@bakernet.com;anne.w.hamann@bakernet.com;ali.m.m.mojdehi@bakernet.com;jane.b.mackie@bakernet.com
- Michael Jay Berger    michael.berger@bankruptcypower.com, michael.berger@bankruptcypower.com;cristina.frankian@bankruptcypower.com
- Stephen F Biegenzahn    efile@sfblaw.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com
- Shirley Cho    scho@pszjlaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Alicia Clough    alicia.clough@kayescholer.com
- Yona Conzevoy    yconzevoy@dwclaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Melissa Davis    mdavis@shbllp.com
- Daniel Denny    ddenny@gibsondunn.com
- Richard K Diamond    rdiamond@dgdk.com
- Richard K Diamond    jlv@dgdk.com, rdiamond@ecf.epiqsystems.com
- Caroline Djang    crd@jmbm.com
- Joseph A Eisenberg    jae@jmbm.com
- Robert Esensten    resensten@wcclaw.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Alan W Forsley    awf@fredmanlieberman.com
- Heather Fowler    heather.fowler@lw.com, colleen.rico@lw.com
- Jon H Freis    jon@jhflaw.net
- Sandford Frey    Sfrey@cmkllp.com
- Vanessa B Fung    vfung@sobini.com
- Philip A Gasteier    pag@lnbrb.com
- Thomas M Geher    tmg@jmbm.com
- Barry S Glaser    bglaser@swjlaw.com
- Steven Glaser    sglaser@wwllp.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Jeffrey I Golden    jgolden@wgllp.com
- David Gould    dgould@davidgouldlaw.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- M Jonathan Hayes    jhayes@polarisnet.net
- Michael J Heyman    michael.heyman@klgates.com
- Eric P Israel    eisrael@dgdk.com
- Seymone Javaherian    sj@javlaw.com
- Ira Benjamin Katz    Ikatz@katzlaw.net
- Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- Stuart I Koenig    Skoenig@cmkllp.com
- Michael S Kogan    mkogan@ecjlaw.com
- John P Kreis    jkreis@attglobal.net
- Jeffrey A Krieger    jkrieger@ggfirm.com
- Duane Kumagai    dkumagai@rutterhobbs.com, calendar@rutterhobbs.com
- Steven N Kurtz    lgreenstein@laklawyers.com, rfeldon@laklawyers.com
- Pamela Labruyere    pamela@sgsslaw.com
- Ronald L Leibow    rleibow@kayescholer.com
- Jennifer Leland    jleland@pwkllp.com
- John T Madden    jmadden@wgllp.com
- Harris M Madnick    hmmadnick@reederlugreen.com
- William Malcolm    bill@mclaw.org
- Elmer D Martin    elmermartin@msn.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com
- David W. Meadows    david@davidwmeadowslaw.com
- Hal M Mersel    mark.mersel@bryancave.com
- Elissa Miller    emiller@sulmeyerlaw.com
- Ali M Mojdehi    ali.m.m.mojdehi@bakernet.com, andrew.mcdermott@bakernet.com;cindy.zhou@bakernet.com
- Susan I Montgomery    susan@simontgomerylaw.com
- Monserrat Morales    mmorales@pwkllp.com
- Randall P Mroczynski    randym@cookseylaw.com
- Vicente Matias Murrell    murrell.vicente@pbgc.gov
- R. Todd Neilson    tneilson@ecf.epiqsystems.com, vdoran@lecg.com;sgreenan@lecg.com
- David Norouzi    david@norouzi.us
- Scott H Noskin    snoskin@mirmanbubman.com
- William Novotny    william.novotny@mwmf.com
- Walter K Oetzell    woetzell@dgdk.com
- Sam S Oh    sam.oh@limruger.com, alisia.dunbar@limruger.com;julie.yu@limruger.com;amy.lee@limruger.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Jenny Y Park Garner    jpark@sheppardmullin.com
- Penelope Parmes    pparmes@rutan.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
- David M Poitras    dpoitras@jmbm.com
- Samuel Price    sprice@donahoeyoung.com

PRINTED ON RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Uzzi O Raanan   uor@dgdk.com
- Jeremy E Rosenthal   jrosenthal@sidley.com
- Christopher S Reeder   creeder@reederlugreen.com
- Gregory M Salvato   gsalvato@pmcos.com, calendar@pmcos.com
- Bruce S Schildkraut   bruce.schildkraut@usdoj.gov
- Benjamin Seigel   bseigel@buchalter.com, IFS_filing@buchalter.com
- David B Shemano   dshemano@pwkllp.com
- Robyn B Sokol   ecf@ebg-law.com, rsokol@ebg-law.com
- Ryan J Stonerock   rstonerock@wcclaw.com, amillman@wcclaw.com
- Nico N Tabibi   nico@tabibilaw.com
- Sam Tabibian   sam.tabibian@gmail.com
- Derrick Talerico   dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- David A Tilem   davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;marcycarman@tilemlaw.com;ldiaz@tilemlaw.com;dianachau@tilemlaw.com
- Alan G Tippie   atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Howard J Weg   hweg@pwkllp.com
- Michael H Weiss   mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com
- Kimberly S Winick   kwinick@clarktrev.com
- Rebecca J Winthrop   winthropr@ballardspahr.com
- Beth Ann R Young   bry@lnbrb.com
- Afshin Youssefyeh   ady@adylaw.com

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON RECYCLED PAPER

6744322v1